**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RUSSELL A. POWELL,** ) | |
|     **Plaintiff,** ) | |
| **v.** ) | **No. 3:10-CV-0545-L-BH** |
| ) | |
| **GREENVILLE INDEPENDENT** ) | |
| **SCHOOL DISTRICT and RICK LYNCH,** ) | |
|     **Defendants.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Standing Order of Reference* dated April 23, 2010, this case has been referred for pretrial management. Before the Court is *Defendant's Motion to Dismiss*, filed April 26, 2010 (doc. 8). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On March 17, 2010, Plaintiff Russell Alan Powell filed this *pro se* suit against his former employer, Greenville Independent School District ("GISD"). On April 2, 2010, Plaintiff filed an amended complaint that also named GISD's director of Human Resources, Rick Lynch, as a defendant. Plaintiff claims that he was suspended from his bus-driver position after failing to timely report a minor bus accident and after testing positive for minuscule amounts of alcohol. (Am. Compl. at 1-3.) He alleges that Lynch told him he would receive a good reference if he resigned from his job with GISD, but he later maliciously slandered him, made libelous statements against him, and maliciously sabotaged his attempts to gain worthy employment. (*Id.* at 4-5.) He claims that Lynch is guilty of malicious slander and defamation and could be guilty of fraud in making purposeful misrepresentations to him. (*Id.* at 5.) Plaintiff seeks damages for lost wages and for injury to his personal and professional reputation. (*Id.* at 4.)

On April 26, 2010, GISD moved to dismiss Plaintiff's libel claim against it under Fed. R.

Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Mot. at 2-3.) With a timely-filed response and reply, the motions are now ripe for consideration.

## II.  Rule 12(b)(1) Motion

GISD moves to dismiss for lack of subject matter jurisdiction on grounds that Plaintiff's claims against it are barred by governmental immunity. (*See* Mot. at 2-3.) GISD argues that "[b]ecause this lawsuit does not concern allegations of injuries arising from the operation or use of a motor vehicle, GISD has immunity from this suit." (*Id.* at 3; Reply at 1.)

**A.     Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the

complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* Where the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Here, GISD relies on Plaintiff's complaint to support its motion to dismiss. The motion therefore presents a facial attack and does not require the Court to resolve matters outside the pleadings. *See Ramming*, 281 F.3d at 161; *Williamson*, 645 F.2d at 412-13.

**B.     Texas Tort Claims Act**

Sovereign immunity generally defeats a court's subject matter jurisdiction over a suit against a state unless the state expressly consents to suit. *Austin v. Hood County*, 2007 WL 1544379, at *2 (N.D. Tex. May 29, 2007). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Id.*, *see also Kimbrough v. Alamo Colleges*, 2010 WL 841368, at *2 (W.D. Tex. Mar. 8, 2008). Accordingly, a political subdivision of the state of Texas is not liable for the acts or conduct of its employees unless its governmental immunity is waived by the Texas Tort Claims Act ("TTCA"). *See McIntosh v. Partridge*, 540 F.3d 315, 321 n. 3 (5th Cir. 2008); *City of Lancaster v. Chambers*,

883 S.W.2d 650, 653 (Tex. 1994).

The TTCA waives governmental immunity in three general areas: "use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property." *Brown v. Montgomery County Hosp. Dist.*, 905 S.W.2d 481, 484 (Tex. App. – Beaumont. 1995); *See also* Tex. Civ. Prac. & Rem. Code § 101.021. For school districts, the Act's waiver is even narrower and is limited to tort claims involving injuries arising out of the negligent use or operation of motor vehicles. *See* Tex. Civ. Prac. & Rem. Code §§ 101.021 & 101.051; *Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S. W. 3d 653, 656 (Tex. 2008). Additionally, governmental immunity is not waived for intentional torts. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2); *Fields v. Dallas County Schs.*, 2007 WL 836863, at * 2 (N.D. Tex. Mar. 15, 2007).

Here, Plaintiff claims that Lynch, an employee of GISD, provided bad references to potential employers, maliciously slandered him, made libelous statements against him, maliciously sabotaged his attempts to gain worthy employment, and made purposeful misrepresentations to him that may amount to fraud. (*Id.* at 4-5.) Since these claims involve intentional conduct and are not based on allegations of injuries arising out of the negligent use or operation of a motor vehicle, they cannot be asserted against GISD and are barred by governmental immunity. The Court should dismiss Plaintiff's claims against GISD for lack of subject matter jurisdiction.[1]

### III.  CONCLUSION

*Defendant Greenville Independent School District's Motion to Dismiss*, filed April 26, 2010, (doc. 8) should be **GRANTED** and Plaintiff's claims against GISD should be **DISMISSED** under Fed. R. Civ. P.12(b)(1).

---

[1] Since dismissal is required under Rule 12(b)(1), the Court need not consider GISD's motion to dismiss under Rule 12(b)(6).

**SO RECOMMENDED on this 24th day of June, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE