IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**RUSSELL A. POWELL,** §
§
    Plaintiff, §
§ Civil Action No. **3:10-CV-0545-L**
v. §
§
**GREENVILLE INDEPENDENT** §
**SCHOOL DISTRICT and RICK LYNCH**, §
§
    Defendants. §

# ORDER

Before the court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, filed June 24, 2010. Plaintiff did not file objections.

Plaintiff is proceeding *pro se* and *in forma pauperis*. He has sued his former employer, Greenville Independent School District ("GISD"), and its director of human resources, Rick Lynch. Plaintiff asserts that GISD maliciously slandered him, made libelous statements against him, and sabotaged his attempts to gain other employment. GISD moved to dismiss the claims against it pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. The magistrate judge recommends dismissing Plaintiff's claims against GISD without prejudice for lack of subject matter jurisdiction because they are barred by governmental immunity.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court.

The court, however, has determined that Plaintiff's claims against GISD should be dismissed with prejudice. Although the court lacks subject matter jurisdiction over Plaintiff's claims and dismissals for lack of jurisdiction are ordinarily without prejudice, there is no court, state or federal, that

**Order – Page 1**

has jurisdiction to hear these claims because they are barred by governmental immunity. In this case, attempts at amendment would be futile because Plaintiff cannot amend to overcome governmental immunity provided by the Texas Tort Claims Act. *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action. Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined."). Moreover, to dismiss Plaintiff's claims without prejudice would create the impression that he could file these claims in the appropriate forum when there is no appropriate forum. The better course of action, therefore, is to dismiss the claims with prejudice. *See Maibie v. United States*, 2008 WL 4488982, *3 (N.D. Tex. Oct. 7, 2008) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the plaintiffs redraft their claims to avoid the exceptions to the FTCA.") (citations and brackets omitted); *see also Austin v. Hood County*, 2007 WL 631278, *2 n.2 (N.D. Tex. Mar. 1, 2007). Accordingly, the court **dismisses** Plaintiff's claims against GISD **with prejudice**.

**It is so ordered** this 20th day of August, 2010.

Sam A. Lindsay
United States District Judge