IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSSELL ALAN POWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-545-L |
| | § | |
| GREENVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Standing Order of Reference* dated April 23, 2010, this case has been referred for pretrial management. Before the Court is Defendant's *Motion to Dismiss Amended Complaint and Brief in Support*, filed July 23, 2010 (doc. 19). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On March 17, 2010, Plaintiff Russell Alan Powell filed this *pro se* suit against his former employer, Greenville Independent School District ("GISD"). Plaintiff alleged that he was suspended from his bus-driver position after failing to timely report a minor bus accident and after testing positive for minuscule amounts of alcohol. He alleged that Rick Lynch, GISD's director of Human Resources, told him he would receive a good reference if he resigned from his job with GISD, but Lynch later maliciously slandered and made libelous statements against him. On April 2, 2010, Plaintiff filed an amended complaint that also named Lynch as a defendant. The amended complaint alleged facts identical to the original complaint and asserted slander and defamation claims against Lynch. On June 24, 2010, the Court recommended dismissal of Plaintiff's claims against GISD for lack of subject matter jurisdiction.

On July 23, 2010, GISD and Lynch (collectively "Defendants") moved to dismiss this suit against Lynch under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff did not respond to the motion.

## II. ANALYSIS

Defendants move to dismiss the suit against Lynch under the election-of-remedies provision of the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code § 101.106. They argue that the provision bars Plaintiff from suing GISD and then suing Lynch over the same subject matter.

### A.     12(b)(6) Standard

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead

2

"enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**B.    Election-of-Remedies**

The TTCA "provides a limited waiver of sovereign and governmental immunity for certain tort claims, 'allowing suits to be brought against governmental units only in certain, narrowly defined circumstances.'" *Dorward v. Ramirez*, 2009 WL 2777880, at *13 (N.D. Tex. Aug. 28, 2009) (citing *Tex. Dep't of Crim. J. v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). "The TTCA's waiver of immunity constitutes the 'only . . . avenue for common-law recovery against the government' on a tort theory." *Id.* (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex.2008)).

Under the election-of-remedies provisions of the TTCA, a plaintiff who sues under the TTCA must elect between suing a governmental unit and suing an employee of that unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106; *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462 (5th Cir. 2010). If he sues the governmental unit, the suit "constitutes an irrevocable election" by him and "bars any suit or recovery by [him] against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). The converse is also true unless the governmental entity consents to suit. *See id.* § 101.106(b). If a plaintiff sues

both the governmental unit and any of its employees, the employees must "immediately be dismissed on the filing of a motion by the governmental unit." *See id.* § 101.106(e). The election-of-remedies provisions in § 101.106 cover "state law intentional tort claims against a governmental unit and its employees." *Bustos*, 599 F.3d at 463 (citing *Garcia*, 253 S.W.3d at 658-59 (Tex. 2008)).

Here, Plaintiff initially sued GISD for state law intentional tort claims of libel and slander but later filed an almost identical complaint with Lynch as an additional Defendant. *See Herrera v. City of San Antonio*, 2009 WL 263282, at *1 (Tex. App.–San Antonio Feb. 4, 2009, no writ) (libel and slander intentional torts). By initially suing GISD instead of Lynch, Plaintiff made an irrevocable election, and is barred from suing Lynch or recovering from him regarding the same subject matter. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). Additionally, since Plaintiff has sued both GISD and Lynch, and GISD has filed a motion to dismiss, the state law tort claims against Lynch must be dismissed immediately. *See id.* § 101.106(e).[1] Based on his irrevocable election of remedies, Plaintiff has failed to state a claim upon which relief may be granted against Lynch.

### III. CONCLUSION

Defendant's motion to dismiss should be **GRANTED.** and Plaintiff's claims against Defendant Lynch should be **DISMISSED** under Fed. R. Civ. P.12(b)(6) with prejudice.

**SO RECOMMENDED on this 25th day of September, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff's complaint can be liberally construed to allege a fraud claim, fraud is also an intentional tort. *See Sanders v. City of Grapevine*, 218 S.W.3d 772, 779 (Tex.App.–Fort Worth 2007, pet. denied). The election-of-remedies provisions would therefore bar the fraud claim as well.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE